IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CYNTHIA HORVATH,       )
             )
    Plaintiff,      )
             )
 -vs-          )  Civil Action No. 18-465
             )
NANCY A. BERRYHILL,[1]     )
COMMISSIONER OF SOCIAL SECURITY, )
             )
    Defendant.     )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she has been disabled since July 25, 2014. (ECF No. 8-7, p. 2). Administrative Law Judge ("ALJ"), Helen Valkavich, held a hearing on February 15, 2017. (ECF No. 8-3). On June 14, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 14-26).

After exhausting all of her administrative remedies thereafter, Plaintiff filed this action.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

II. **LEGAL ANALYSIS**[2]

    A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

---

[2] Plaintiff does not contest the mental residual functional capacity finding by the ALJ. (ECF No. 11, p. 7). Plaintiff is only contesting the physical limitations found by the ALJ. *Id.* As a result, I will limit my analysis accordingly.

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[3] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Weighing of Opinion Evidence**

Plaintiff argues that the ALJ erred in weighing the opinion evidence of her treating doctor, Dr. Salvaggio. (ECF No. 11). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating

4

physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ erred in assigning little weight to the opinion of her treating orthopedic doctor, Dr. Silvaggio. (ECF No. 11, pp. 7-20). To that end, Plaintiff argues that the ALJ did not provide sufficient reasons to reject Dr. Silvaggio's opinions. *Id.* As support for this argument, Plaintiff first suggests that the ALJ "gave no obvious consideration" to 20 C.F.R. §404.1527, the regulation that gives a treating source more weight due to the ability to provide a longitudinal picture. *Id.* at p. 11. A review of the record, however, reveals that the ALJ specifically considered §404.1527. (ECF No. 8-2, p. 19). In fact, the ALJ explicitly stated that she "considered the opinion evidence in accordance with the requirements of 20 CFR 404.1527." Thus, I find no merit to this argument.

The ALJ gave Dr. Silvaggio's opinion of September of 2014 regarding the ultimate issue of disability little weight. (ECF No. 8-2, p. 22). Plaintiff does not contest this finding. *See,* ECF No. 11. The ALJ also gave little weight to Dr. Silvaggio's opinion of January of 2017 that Plaintiff should be limited to working 3 days per week[4] because it was conclusory and did not provide any explanation for this limitation and because it was internally inconsistent, as well as, inconsistent with other medical records. (ECF No. 8-2, p. 22). Plaintiff does not appear to contest this finding

---

[4] In her Brief, Plaintiff states that Dr. Silvaggio opined that she should be limited to working "3 hours per day due to her orthopedic condition." (ECF No. 11, p. 7). This is incorrect. In fact, the letter actually is two sentences and states: "This is to certify that Cynthia S Horvath has been under my care in Orthopedics. She should be limited to working 3 days a week due to her orthopedic condition." (ECF No. 8-59, p. 40).

either.  *See,* ECF No. 11.

Additionally, the ALJ gave little weight to Dr. Silvaggio's opinion of December of 2016 because it "is out of proportion to the evidence showing generally intact neurologic functioning, an intact gait and reported improvement with conservative treatment.  Additionally, there is nothing in the evidence to support his opinion regarding absences and time off task as she reported improvement with her pain medications without side effects and Dr. Silvaggio did not provide any explanation for these limitations other than pain."  (ECF No. 8-2, p. 23).  With regard to this finding, Plaintiff argues that the underlying record supports, and is consistent with, Dr. Silvaggio's opinion. (ECF No. 11, pp. 12-13).  To be clear, the standard is not whether there is evidence to establish Plaintiff's position.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.  *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).  Thus, the question before me is whether substantial evidence supports the ALJ's findings.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Therefore, Plaintiff's argument in this regard is misplaced.

Plaintiff next argues that the ALJ erred in discounting Dr. Silvaggio's 2016 opinion that she would be absent and off task suggesting that it was proper for Dr. Silvaggio to rely on her pain to support his opinion.  (ECF No. 11, pp. 14-16).  First, as set forth above, the ALJ did not discount this opinion of Dr. Silvaggio solely on the basis of Plaintiff's pain.  (ECF No. 8-2, p. 23).  Rather, the ALJ additionally contrasted this finding with evidence of record that Plaintiff reported improvement with pain medication without side effects.  *Id.*

6

Furthermore, the ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record…." (ECF No. 8-2, p. 20). The ALJ also found her allegations to be "out of proportion to and inconsistent with the evidence of record." (ECF No. 8-2, p. 21). In so doing, the ALJ was free to reject Plaintiff's testimony regarding the same, whether it was at the hearing or recorded in a medical record based on Plaintiff's own reporting.

In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ set forth sufficient and valid reasons for finding her allegations to be not entirely consistent with the medical evidence and other evidence in the record. *See,* ECF

No. 8-2, pp. 14-26. For example, the ALJ considered, *inter alia,* the types and frequency of treatment sought by Plaintiff, her medications and her activities of daily living in connection with all of the other evidence of record. *Id.* Additionally, the ALJ specifically considered Plaintiff's receipt of unemployment benefits, her current work situation and her prior work history.[5] (ECF No. 8-2, pp. 19-26). To that end, the ALJ found various inconsistencies. *Id.* Consistency with other evidence is a valid reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). It is the responsibility of the ALJ to look at inconsistencies between the claimant's statements and the evidence presented in making his/her RFC determination. *Id.* After a review of the record, I find that the ALJ sufficiently explained the inconsistencies she found in evaluating Plaintiff's testimony in relation to all of the other evidence in determining her RFC. (ECF No. 8-2, pp. 19-26). I further find there is substantial evidence to support her findings in this regard. *Id.* Consequently, I find no merit to this assertion.

Plaintiff also seems to suggest in one paragraph, without citation or other explanation, that the ALJ erred in relying on other medical opinions because they were rendered almost two years prior to the ALJ's decision. (ECF No. 11, p .12). Plaintiff posits that the closer a medical opinion is rendered to the date of the decision, the more weight it is entitled. (ECF No. 11, p. 13). I find no merit to this suggestion. In fact, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). In this case,

---

[5]The opinion reveals that the ALJ specifically considered Plaintiff's work history. (ECF No. 8-2, pp. 20-22). There is no requirement that the ALJ to tarry on about a plaintiff's prior work history. Thus, contrary to Plaintiff's assertion otherwise, I find the ALJ sufficiently considered Plaintiff's work history in assessing her functional limitations. *Id.* Therefore, remand on this basis is not warranted.

the ALJ weighed all opinions, treating or otherwise. *See,* ECF No. 8-2, 19-24. I find no error in this regard. Consequently, remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CYNTHIA HORVATH,

    Plaintiff,

-vs-                                      Civil Action No. 18-465

NANCY A. BERRYHILL,[6]
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 8th day of May, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                                        BY THE COURT:

                                        s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.